## No. 11,708.

### BROWN v. SCHOONOVER.

Decided September 26, 1927.

Action for purchase price of goods sold and delivered. Judgment for plaintiff.

*Affirmed.*

1.   SALES—*Delivery.*  A partial payment of the purchase price of potatoes, held a recognition of delivery acceptable to the purchaser.

2.         *Quality.*  A purchaser of potatoes who made payments from time to time on the purchase price, thereby recognized that those delivered were of the quality purchased.

3.   APPEAL AND ERROR—*Instructions—Harmless Error.*  Refusal of the court to give an instruction defining the grade of potatoes sold, if error, held harmless where the purchaser accepted those delivered.

4.   INSTRUCTIONS—*Requests.*  Requested instructions, which are inapplicable to the evidence and claims of the requesting party, are properly refused.

*Error to the District Court of Weld County, Hon. Charles C. Butler, Judge.*

Mr. DONALD C. McCREERY, Mr. HUBERT D. WALDO, JR., for plaintiff in error.

Mr. CHARLES C. TOWNSEND, Mr. BENJAMIN A. WOODCOCK, for defendant in error.

· *En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Schoonover brought this action to recover the unpaid purchase price of potatoes which he says in

his complaint he sold and delivered to the defendant Brown. Trial to a jury resulted in a verdict for plaintiff on which the court rendered judgment, and the defendant is here with his writ of error. His several assignments of error are condensed by him into two groups: (1) The alleged cause of action pleaded was not established by the evidence. (2) The jury was misled and in effect misdirected by a refusal of the court properly to instruct in sundry respects.

1. The court instructed the jury that delivery, as well as sale, must be shown by the plaintiff. There was no dispute as to a sale. The plaintiff says there was a delivery by storing the potatoes sold at the several places designated by and acceptable to the defendant. Some of defendant's own admissions upon the witness stand tend to corroborate the plaintiff in this particular. Moreover, the defendant's several different payments on the purchase price were a recognition of a delivery that had theretofore been made and which was acceptable to him. There is no merit in the assignment that there was no delivery. The record shows both a completed contract of sale and a delivery. The evidence is not as the defendant asserts—merely that the defendant failed to consummate a contract of sale by his refusal to accept potatoes bargained for—but it satisfied the jury, and properly so, that the contract was fully performed by the defendant's acceptance of the potatoes delivered to him by the plaintiff. Therefore, the action was properly one to recover the purchase price of what was delivered to the defendant by the plaintiff.

The chief dispute between the parties, and the only one concerning which there is even a shadow of substance, relates to the quality of the potatoes actually delivered. While in some particulars there may be in their testimony a lack of harmony between plaintiff and defendant as to what quality the sold potatoes should be, the court instructed that the contract of sale was for number one grade. The jury's finding under the evi-

dence was that the potatoes delivered by the plaintiff were of that grade. Defendant's own testimony at least tends to prove a proper delivery and the court might well have instructed as matter of law that, the sale being admitted, a delivery was made that was acceptable to the defendant and by him recognized as a delivery of potatoes of the quality which he contracted to buy.

2. What might be, in a different state of facts, a debatable question is the refusal of the court to give an instruction tendered by the defendant purporting to define what is said to be a recognized definition in northern Colorado of "U. S. No. 1 potatoes." However that may be, the acceptance by the defendant of the very potatoes which the plaintiff stored at places designated by the defendant as acceptable to him, makes harmless the error, if any, in refusing this instruction. What we said in the discussion of the first point is pertinent here, that the court might properly have told the jury that the defendant is not in position to question the quality of the delivered potatoes because, after he saw them and inspected them, notwithstanding his objections in several particulars thereto, he made payments from time to time on the purchase price, thereby recognizing that the potatoes delivered were of the quality that he bought.

3. Complaint is also made that the court erred in refusing an instruction asked by defendant that concurrent or joint possession of the potatoes in question by the plaintiff and the defendant, if the jury found there was such possession, is not sufficient to constitute a delivery to the defendant. The record fails to disclose that the defendant based any right upon a joint or concurrent possession. In his argument here he states that he does not so rely. The instruction was properly refused as inapplicable to the evidence and to the claim of the defendant.

The record leaves us in no doubt as to the correctness of the jury's finding and the judgment which the court entered upon it. The court would have been jus-

tified in taking the jury's finding only as to the quantity of the potatoes sold; that is, whether the sale, as claimed by the plaintiff, not only included his two-thirds share of the same as a tenant of the farm where the potatoes were grown and also the one-third share belonging to the landlord, or embraced only the tenant's share, as claimed by defendant. The testimony was not harmonious as to that, but the jury found that the contract included both shares and the evidence on that issue was legally sufficient to sustain the finding and the court approved it by its judgment. We have carefully examined this record and are impressed with the fact that the trial court fully protected the rights of the defendant by its rulings at the trial and by its instructions. There is no error in the record and the judgment is therefore affirmed.

MR. JUSTICE BUTLER not participating.